UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

XAVIER LEE JONES,

        Plaintiff,

v.                                          Case No. 5:23-cv-1-BJD-PRL

LINDA WHEELING, et al.,

        Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Xavier Lee Jones, an inmate in the custody of the Federal Bureau of Prisons, initiated this action by filing a *pro se* "Complaint for Violation of Civil Rights" (Doc. 1; Compl.). He seeks to proceed *in forma pauperis* (Docs. 6, 9). Plaintiff names as Defendants four nurses at Coleman Correctional Institution. Compl. at 2-3. The precise nature of Plaintiff's claims is unclear: he contends Defendants violated his rights under the First, Fifth, Eighth, and Ninth Amendments, but he alleges only that Nurse Wheeling asked an officer to restrain him on about September 24, 2020, so that Nurse Wheeling could "safely assess [him]." *See id.* at 3-5. While unclear, it appears Plaintiff was being assessed because he had COVID-19. *Id.* at 6-7. Plaintiff mentions no other Defendants in the body of his complaint. *Id.* at 4-6. The "injuries" he claims to have suffered are symptoms associated with COVID-19:

cough; shortness of breath; fatigue; body aches; sore throat; diarrhea, nausea, and vomiting; headache; and loss of the senses of smell and taste. *Id.* at 6.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept.

8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Because Plaintiff seeks to sue federal officials, any cognizable claims would arise under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* claim is an implied right of action for damages under the Constitution itself against a federal official who violates an individual's constitutional rights. *See Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). *See also Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022) (explaining that *Bivens* claims are disfavored and exceedingly limited).

Although Plaintiff references constitutional amendments in his complaint, he does not allege facts showing the violation of a constitutional right. For instance, he does not allege the medical-provider Defendants failed to provide him constitutionally adequate medical care. On the contrary, he concedes Nurse Wheeling—the only Defendant mentioned by name—assessed him on September 24, 2020, and determined he had COVID-19. *See* Compl. at 4-6. To the extent he believes Nurse Wheeling should not have ordered that he be restrained while he was being assessed, Plaintiff alleges no facts that would permit the reasonable inference Nurse Wheeling did so for any reason other than to ensure the safety of all involved, including Plaintiff. *See id.* at 4, 5.

3

Plaintiff himself alleges the Nurse asked that he be restrained so that "the provider could *safely* assess [him]." *Id.* (emphasis added).

Because Plaintiff fails to state a plausible claim for relief against the named Defendants, his complaint is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of September 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Xavier Lee Jones